UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW GARDNER, | ) |
| Plaintiff | ) ) ) |
| v. | ) )   No. 2:21-cv-00151-GZS |
| ANDREW SHERIFF, | ) ) ) |
| Defendant | ) |

### ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

On June 9, 2021, Andrew Sheriff removed this forcible entry and detainer matter from state court. *See* Notice of Removal (ECF No. 1). Despite being the only named defendant in the matter, Sheriff filed a notice of removal signed by him and an individual named Mike R. Johannes. *See id.* at 3; Complaint for Forcible Entry and Detainer (ECF No. 1-1). Sheriff offered no explanation for including Johannes's signature on the notice of removal, but he did reference a related case currently pending in this court (*Sheriff et al. v. Gardner et al.*, 2:21-cv-00115-GZS) in which he and Johannes appear together as *pro se* plaintiffs. *See* Notice of Removal at 1-2.

On June 10, 2021, Johannes filed an application to proceed *in forma pauperis* purportedly on Sheriff's behalf; the application, however, is signed only by Johannes. *See* Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 4). Because Johannes does not purport to be a licensed attorney, he may not act on Sheriff's behalf in this matter. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases *personally or by counsel* . . . ." (emphasis added)); *O'Diah v. Volkswagen of Amer., Inc.*, 91 F. App'x 159, 160 (1st Cir. 2004) (holding that section 1654 bars "a non-lawyer from representing anyone but himself"). For this

reason, I **DENY** the application to proceed *in forma pauperis*, **DIRECT** that the Clerk's Office promptly provide Sheriff with another application to proceed *in forma pauperis*, and **DIRECT** that, no later than June 25, 2021, Sheriff either file such an application – <u>personally or through licensed counsel</u> – or pay this court's $402 filing fee, failing which I will recommend that this matter be remanded to state court.

## *<u>NOTICE</u>*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 11th day of June, 2021.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge