## UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| MATTHEW GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket no. 2:21-cv-00151-GZS |
| | ) | |
| ANDREW SHERIFF, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF REMAND

Before the Court are Defendant's Motion to Consolidate (ECF No. 9) and Plaintiff's Motion to Remand (ECF No. 15), which Plaintiff filed in conjunction with responding to Defendant's Motion to Consolidate.  For reasons briefly explained herein, the Court GRANTS Defendant's Motion to Remand and, therefore, finds the request to consolidate this matter MOOT.

The removal of state court cases to federal court is generally governed by 28 U.S.C. §§ 1441 and 1446.  These "removal statutes are strictly construed," and a removing defendant has "the burden of showing the federal court's jurisdiction."  Danca v. Private Health Care Sys. Inc., 185 F.3d 1, 4 (1st Cir. 1999) (internal citations omitted).

The removed Complaint (ECF No. 1-1), which is dated May 27, 2021, states a claim for forcible entry and detainer and seeks to evict Defendant Andrew Sheriff from Unit A of 440 Mount Hope Road in Sanford, Maine.  It was initially docketed in Maine District Court in Springvale as Docket No. SPRDC-SA-2021-00096.   Sheriff asserts he is a resident of New Hampshire and that Plaintiff Matthew Gardner is a resident of Maine.  Given this diversity of citizenship, he seeks to

have this Court exercise jurisdiction under 28 U.S.C. § 1332(a).  This basis for jurisdiction requires that there be an amount in controversy that exceeds $75,000.

"In the context of a petition to remove a case from state court, the amount in controversy for diversity jurisdiction is based exclusively on the value of the claim asserted in the plaintiff's complaint."  Brennan v. GinA, No. 1:15-cv-00382-NT, 2015 WL 7424149, at *2 (D. Me. Oct. 16, 2015), report and recommendation adopted, 2015 WL 7428543 (D. Me. Nov. 20, 2015).  As explained in Brennan, "possession is the sole remedy available" in a forcible entry and detainer action.  Id.  In Brennan, this remedy was deemed insufficient to establish the requisite amount in controversy, and the Court reaches the same conclusion here.  In short, nothing in the Complaint or Notice of Removal establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1446(c)(2).  Having determined that the amount in controversy requirement is not met, the Court lacks subject matter jurisdiction and is required to remand this matter to state court.  See 28 U.S.C. § 1447(c).

Therefore, the Court hereby GRANTS Plaintiff's Motion to Remand (ECF No. 15) and MOOTS Defendant's Motion to Consolidate (ECF No. 9).  The Clerk is directed to REMAND this matter to Maine District Court in Springvale.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 22nd day of July, 2021.