MATTHEW GARDNER *et al* 911 Main St. ) case no. **2:21-cv-00151-GZS**
Sanford, Me 04073          *plaintiff* )
                                        ) *relating to existing federal*
                                        )
              vs.                       ) *case no. 2:21-cv-00115-GZS*
                                        )
ANDREW SHERIFF *et al* 1290 Woodbury    ) local case no. SA 21-96
Ave. Portsmouth N.H. 03801 *defendant*  )
                                        ) (Springvale Dist. Ct. York Co.)
                                        )

## MOTION TO RECONSIDER THE REMAND ORDER

1. The Court remanded defendant removal notice by Order dated 07/22/2021 at doc. "18". This was an error in mathematical calculation, meaning the value of possessing our premises at the unit in question, 440 Mt Hope Rd. Sanford Maine.

2. The subject matter <u>is in the value of possession</u>, which is here generally equivalent to 1/4th the total property value, since the "unit" includes access to the grounds and other improvements on the parcel or lot of land.

3. The plaintiff may not restrict their claim to "monthly possession", we are holding under the purchase contract <u>and this is the controversy itself</u>. *They* are claiming complete, immediate possession, i.e. possession simple fee by right.

4. The removal Plaintiff in the state court case asserted that "fair rental" should be $1,000/ month, which means by extrapolation each unit is worth about "$100,000" under the "1% rule". Usually "one percent" of the total value is found in the month-to-month rental price, and here it means about "100k".

1

5. The Court has to rely on sound discretion in this matter, and need only reach the preponderant conclusion that the question is "more than $75,000" to assume subject matter jurisdiction. It is very fair to all parties that continued possession of the rental unit is worth "more" than $75,000 ("seventy five thousand dollars").

**Therefore**, reconsideration is urged, and that the Removal will be sustained, then consolidated with the related action at no. **2:21-cv-00115-GZS**. *In the alternative,* the Court should just construe the whole thing for "Petition seeking Injunctive Relief", even if the "removal" aspect is somehow denied.

In law and equity, we are entitled to keep the premises **and** our now occupied unit, being likely to prevail in the original no. **2:21-cv-00115-GZS**. It has reached <u>Motion for Entry of Default</u>, after the removal Plaintiff (there named Defendant) failed to make responsive pleading to the June 9th, 2021 Amended Complaint.

We have "fifty thousand dollars" on the table, and the herein Plaintiff (being Defendant in the other case) **is more than adequately protected**. The Court must restrain and enjoin all process or attempts to evict our own tenants in the interest of justice, which will otherwise cause irreparable harm to the undersigned ANDREW SHERIFF & MIKE JOHANNES (realty partnership), just as our own personal loss of the premises would directly injure our position and rights here.

ANDREW SHERIFF

MIKE JOHANNES